## BAUMER v. WILL et al.

### (Circuit Court, N. D. New York. December 23, 1892.)

### No. 5,881.

1. PATENTS FOR INVENTION—LIMITATION OF CLAIM—PRIOR ART—CANDLE-SHAPING MACHINE.

Letters patent No. 330,200, issued November 10, 1885, to Anton F. Baumer, cover an apparatus for shaping candles, comprising a tubular holder with a die at one end and a plunger at the other, whereby the final shape and finish are given both to the ends of the candles and to the exterior circumference of its body. *Held,* that if the patent is sustainable at all, in view of the fact that similar candles had been before made, and that machines for molding and pressing plastic material by means of a die and plunger were well known, it is entitled only to a narrow construction, and the patentee is not entitled to invoke the doctrine of equivalents.

2. SAME—INFRINGEMENT.

The patent is not infringed by a machine having a single die for molding the foot of a candle, the tip being meanwhile held firmly by a cushion which prevents the candle from slipping, but does not impart any form or finish to the tip, and in which the holder embraces only a part of the candle, and is not adapted to smooth or finish the exterior thereof.

In Equity. Suit by Anton F. Baumer against Louis Will and others for infringement of a patent. Bill dismissed

C. H. Duell, for complainant.

Smith & Denison, for defendants.

COXE, District Judge. This is an equity action for the infringement of letters patent No. 330,200, granted to Anton F. Baumer, November 10, 1885, for an improved apparatus for shaping and finishing candles.

"The purpose of the invention is to apply the final shape and finish to the exterior, and more particularly to the ends, of candles molded or otherwise formed approximately to shape."

The invention consists—

"In an apparatus comprising a tubular holder for embracing the body of the candle, a die at one end of said holder, and a plunger at the opposite end of the same, whereby the candle is compressed endwise between said die and plunger, which impart the final shape and finish to the ends of the candle, and at the same time expand the candle circumferentially in the tubular holder, which straightens, smooths and finishes the exterior of the body of the candle; and the invention also consists in certain auxiliary devices connected with the aforesaid apparatus."

The claims involved are as follows:

"(1) An apparatus for shaping candles, comprising a tubular holder for embracing the body of the candle, a die at one end of said holder, and a plunger in the opposite end of the same, substantially as set forth and shown. (2) The combination of the tubular candle holder, dies at opposite ends of said holder, and a plunger carrying one of said dies, as and for the purpose specified." "(4) The combination of the tubular candle holder, a conical die at one end of said holder and corrugated longitudinally to taper and corrugate the foot of the candle, a concaved die in the opposite end of the holder to taper the top of the candle, and a plunger carrying one of said dies, substantially as set forth and shown."

The defenses are lack of novelty and invention and noninfringement.

In 1865 John Lyon Field, an Englishman, made and patented a candle with an enlarged corrugated foot made in the shape of an inverted frustum of a cone so that it would fit the socket of any candlestick. The Field candle was made in a mold. The patentee makes a candle precisely similar in appearance, but by a different method. He takes an ordinary molded candle, and, in order to make the enlarged foot, forces the lower end into a die shaped exactly like the lower end of the mold in which the Field candle must have been made. The product is the same in both instances. The patentee's candle is no better than Field's candle. The method of making the former would seem to be more cumbersome and expensive. If there be any advantage in putting the candle through two manipulations where one would suffice, it is neither pointed out in the patent nor was it explained at the argument. The thing produced being old, and dies for making articles similar in character being well known, the patent would seem to be dangerously near the doctrine of the Bretzel Case. Bretzels were old and dies for cutting dough were old; it was, therefore, held that it was not invention to make a

die that would cut a bretzel. Butler v. Steckel, 137 U. S. 21, 29, 11 Sup. Ct. Rep. 25. But in any view the invention is a narrow one. The prior art was full of machines for molding and pressing plastic material by means of a die and plunger. Several of these machines are shown in the record. It is entirely clear that the patent cannot have a broad construction and that the doctrine of equivalents cannot be invoked to bring within the claims structures which do not contain the features expressly made a part of the claims. Derby v. Thompson, 13 Sup. Ct. Rep. 181.

Confining the claims to the apparatus described, the defendants do not infringe. They do not use a holder which imparts a final finish to the candle, for the reason that it does not completely inclose the candle. They do not employ two dies at opposite ends of the holder. They have a single die at one end for molding the cone-shaped foot, after the wax has been softened to make it plastic. While this operation is being carried on, the tip of the candle is held firmly in a cushion or bearing to prevent the candle from slipping when subjected to the action of the plunger at the other end. This bearing or cushion does not impart any form or finish to the tip of the candle as does the complainant's die; its office is solely to hold the candle in place. The first claim contains the following elements: First, a tubular holder for embracing the body of the candle, second, a die at one end of the holder, and, third, a plunger at the opposite end. A machine which infringes this claim must be constructed with the die and the plunger at opposite ends of the holder. The cushioned support used by the defendants is not a die. Therefore there is no die opposite the plunger end of their holder. Indeed, it is doubtful if they employ the first element of the claim. Their holder embraces a part of the candle only; it is not adapted to straighten, smooth or finish the exterior of the candle, or permit it to expand circumferentially. The upper part of the candle is not touched by the holder in any way. Of course, if the first claim is not infringed neither of the others is, as both of them describe a holder with two dies, one at each end. The defendants, as has been seen, use an apparatus having but one die. The bill is dismissed.