### NEW HOME SEWING-MACH. CO. v. SINGER MANUF'G CO.

(Circuit Court, S. D. New York. May 22, 1895.)

PATENTS—INFRINGEMENT OF COMBINATION CLAIM—SEWING MACHINE.

The Grout patent, No. 261,446, for an improvement in sewing-machine treadles, construed narrowly, and, being for a combination, *held* not infringed by a machine which omitted two of the elements expressly named in the claim.

This was a bill by the New Home Sewing-Machine Company against the Singer Manufacturing Company for infringement of a patent relating to sewing-machine treadles.

This action is based upon letters patent, No. 261,446, granted to W. L. Grout, July 18, 1882, for an improvement in sewing-machine treadles. The patent is now owned by the complainant. The specification is as follows:

"My invention has for its object a novel construction of the treadle to support the crank of the driving-wheel at each end. In this my invention I have mounted the adjustable bearing-screws in a brace which connects together the side pieces of the treadle, thus making a very firm support for the crank-shaft and bracing the table very firmly. The drawing represents in front elevation a sewing-machine table embodying my invention.

"In the drawing, A represents the side pieces of the treadle, and B the brace connecting the said side pieces, the screws, c, and rod, d, uniting the said side pieces and brace, the rod, d, also supporting the treadle, e, connected by link, f, with the crank of the crank-shaft, G, pointed or made conical at its ends and supported by the bearing-screws, h, i, having conical re-

cesses at their inner ends and made adjustable in the upright bearing-bars, $b^2$, $b^3$, of the brace, B, the said brace being as usual, with the exception of the addition of the said bearing-bars. The driving-wheel, m, is fixed to the crank-shaft, G. The head of the bearing-screw, i, is exposed through a hole left for that purpose in the side piece, so that the said screw may be readily adjusted by means of a set-screw. Outward bending of the bar, $b^3$, is obviated by the side frame against which it rests. The link, f, passes back of the curved part, $b^4$, of the frame, and acts to prevent the dress of the operator coming against the link and wheel, m. The addition to the usual brace, G, of the two bearing-bars enables me in a very cheap and simple manner to support the driving-wheel at both ends of its crank-shaft and in adjustable bearings, which enables the crank-shaft to be held steadily and to be run with the minimum of friction, and enables wear in the bearings to be compensated for.

"I claim—

"The side pieces, A, the brace, B, provided with the bearing-bars and the adjustable bearing-screws, combined with the crank-shaft supported at each end in the said bearing-screws, and the balance-wheel thereon, as shown and described."

John Dane, Jr., for complainant.

Livingston Gifford, for defendant.

COXE, District Judge. It is not pretended that the invention is a broad one. It relates only to a minor improvement in an over crowded art. The claim is clear and explicit. There is no room for mistake; a tyro in mechanics can understand its

provisions. It contains the following elements: First. The two side pieces, A. These are the ordinary legs which support the table of a sewing machine. Second. The brace, B. This brace is of the well known saw-buck pattern. Third. The upright bearing-bars, $b^2$, $b^3$, being integral, but additional, parts of the brace. Fourth. The adjustable bearing-screws, h, i, located in the bearing-bars. Fifth. The crank-shaft, supported at each end in the bearing-screws. Sixth. The balance wheel on the crank-shaft. It is admitted that the defendant's machine omits the upright bearing-bar, $b^2$, and the adjustable bearing-screw, h; both of which are particularly pointed out and distinctly claimed in the patent. It is possible that the frame of the brace which is made to serve as the inside bearing-bar in the defendant's machine might be construed as a substitute for the bar, $b^2$, but there is no way in which the complainant can avoid the effect of the omission of the bearing-screw, h. The claim covers both screws. Not only does the patentee claim both screws, but that he did so deliberately is placed beyond doubt not only by a reference to the plain language of the description, but also by the further claim of the "crank-shaft supported at each end in the said bearing-screws." Even if the patentee were entitled to a wide range of equivalents it is doubtful if he could hold the defendant's machine, for the reason that one element of the claim is omitted entirely and nothing is put in its place. But the patentee is not entitled to the liberal treatment accorded to a pioneer. He has made a small advance in the art and has informed the public of the precise nature of his improvement. He must abide by the language of the claim as he has chosen to write it. If there were an opportunity for interpretation the court would undoubtedly adopt the broadest construction compatible with the proofs; but the claim needs no interpretation; its meaning is perfectly clear. When the patentee says "bearing-screws" he does not mean "one bearing-screw." When he speaks of "the crank-shaft supported at each end in the said bearing-screws" he does not mean "the crank-shaft supported at one end in a bearing-screw." It is no answer to say that the patentee has placed an unnecessary limitation upon his claim. It is plain that the patentee regarded the two bars and the two screws as important elements of his invention and intended thus to cover features not found in the antecedent art. The specification is consistent with this view and inconsistent with any other view. But the patentee's intentions are immaterial in a case where there is absolutely no doubt as to what he actually did. The question is not what might have been claimed, but what is claimed. The courts cannot undertake to construct new claims for inventors. If they have made their claims too narrow it is their misfortune—beyond the power of the court to remedy. Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274; McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76; Baumer v. Will, 53 Fed. 373.

For the reason, then, that the defendant's machine omits two elements of the combination of the claim it must be held that it does not infringe. The bill is dismissed.