### O. K. TOOL HOLDER CO. v. J. H. WILLIAMS & CO.

(Circuit Court of Appeals, Second Circuit. April 17, 1917.)

#### No. 210.

PATENTS ⊕═328—INFRINGEMENT—TOOL HOLDER.

    The Grant patent, No. 802,206, for a tool holder, covers only minor improvements, and, as limited by the prior art, *held* not infringed.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by the O. K. Tool Holder Company against J. H. Williams & Co. Decree for defendants, and complainant appeals. Affirmed.

On appeal from a final decree dismissing the bill which alleged the infringement by the defendant of letters patent No. 802,206, granted October 17, 1905, to Charles W. Grant, assigned to the complainant. The complainant appeals from that part of the decree which dismisses the bill for noninfringement. The defendant has not appealed from that part of the decree declaring the patent to be valid.

Clifton V. Edwards, of New York City, for appellant.

Fraser, Turk & Myers, of New York City (Arthur C. Fraser, Henry M. Turk, and Eugene V. Myers, all of New York City, of counsel), for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The Grant patent in suit, No. 802,206, relates to a type of tool holder illustrated in a prior patent to Grant, No. 677,350, dated July 2, 1901. The object of the later patent is to simplify and cheapen the construction and improve the operation of the holder of the prior patent.

The complainant commenced business in 1901, and for about four years manufactured under the prior Grant patent of July, 1901. The business was not successful because of the inadequacy of the holder.

---

This situation led to the production of the holder of the patent in suit. Prior to 1912 the defendant purchased about 75 tool holders from the complainant, made under the patent in suit and in 1912 it brought out the alleged infringing device, which is the subject of this controversy. The patent has two claims and both are involved. They are as follows:

"1. A tool holder comprising a body having its forward end provided with a hole to receive the shank of a tool, said body having a recess 15 and a recess 18 at right angles thereto, a locking plunger in recess 15, the relative construction of the plunger and recess being such as to permit only longitudinal movements of the plunger, a plunger in recess 18 having an incline adapted to engage the rear end of the plunger, and means for moving the plunger into engagement with the locking plunger whereby the latter is forced into engagement with the tool to lock the tool to the holder.

"2. The combination with a tool holder having a body provided with a recess 15, and with a recess 18 at right angles thereto, an abutment to form a support for a tool, and having a hole at right angles to recess 15, of a tool having an enlarged portion adapted to rest upon the abutment and having a shank to engage the hole, a locking plunger in recess 15, said recess 15 being above the abutment, a plunger in recess 18 and having an incline adapted to engage the rear end of the locking plunger, and means for actuating the plunger in the direction of its length whereby the locking plunger is caused to lock the tool."

The only question is whether the defendant's holder infringes these claims. The record shows that the field of invention was largely occupied when Grant entered it with his application of November 29, 1904, which covers a slight improvement only over the prior art. The object to be obtained was not a difficult one in view of the progress which had previously been made in this and analogous arts. It was simply to provide a suitable holder for a machine tool. The prior art shows numerous constructions where the tool is clamped in situations similar to that shown in the Grant patent in suit.

Smith's British Patent of 1867, Bracke's Swedish Patent of 1902, Cooper's patent of 1866, all show devices for holding the tool in position by means quite similar, in the method of operation and in the result obtained, to those described and shown in the Grant patent in suit. So, too, the so called headed-tool holders were known prior to the date of the Grant invention. The "Old Williams tool" of 1901 as shown in the blue print, Exhibit N, was completed prior to October, 1902. Muehlberg, in 1900, produced a tool for use in a lathe for boring or reaming having two cutters; when operated in a lathe only one of these cutters could be used at a time.

Without pursuing the subject further, it seems obvious that with the tools alluded to, and others which appear in the prior art, there was no room for a broad generic invention when Grant entered the field. The defendant's tool holder which is alleged to infringe both of the claims of the Grant patent in suit is made under a patent to Amborn dated October 26, 1915. It will be seen by an examination of the claims of the Grant patent that the first claim contains the following:

"The relative construction of the plunger and recess being such as to permit only longitudinal movements of the plunger, a plunger in recess 18 having an incline adapted to engage the rear end of the plunger, and means for moving the plunger into engagement with the locking plunger."

The defendants do not have any means for preventing the locking plunger from having other than longitudinal movement in the recess *15*. The next element which defendant omits is the plunger in recess *18*. The cam which it substitutes has a rotary movement only. The defendant does not have the means shown in the patent for "moving the holder into engagement with the locking plunger."

The second claim is not infringed because two of its elements are not found in the defendant's structure, viz., "the plunger in recess *18*," which is the same plunger referred to in almost identical language in the first claim. The defendant insists that it does not have the "means for actuating the plunger in the direction of its length" which is one of the elements of the claim. The defendant substitutes a cam for a plunger and does not use the nut *21*. The brief for the defendants states the situation, as we understand it, as follows:

"Grant in this patent limited himself voluntarily and necessarily to one of two well recognized types of locking devices very well known for tool holders, viz.: (1) A wedging plunger lock; (2) a rotary eccentric cam lock. Grant recognized that his invention related to the first of these two types and limited his claims thereto. Defendant's structure relates to the second of these two types and is wholly outside of the Grant patent."

Concededly the field of invention in this class of tool holders was an exceedingly limited one. Improvements had been going on for nearly half a century, by a steady evolution. When Grant applied for his patent in 1904 there was no chance for a broad generic patent. Headed tools and bar tools were well known and although they were simple in construction and easily understood there was room, perhaps, for patented improvements. Of course no improver was entitled to a patent which dominated the entire art.

In Bragg v. Fitch, 121 U. S. 478, 7 Sup. Ct. 978, 30 L. Ed. 1008, the Supreme Court said:

"It is obvious from the foregoing review of prior patents, that the invention of Bristol, if his snap hook contains a patentable invention, is but one in a series of improvements all having the same general object and purpose; and that in construing the claims of his patent they must be restricted to the precise form and arrangement of parts described in his specification, and to the purpose indicated therein."

In New Home Sewing Machine Co. v. Singer Mfg. Co. (C. C.) 68 Fed. 224, the court said:

"The patentee is not entitled to the liberal treatment accorded to a pioneer. He has made a small advance in the art and has informed the public of the precise nature of his improvement. He must abide by the language of the claim as he has chosen to write it."

The defendant's tool is made under the patent to Amborn No. 1,158,-100 which raises a presumption, at least, that its elements are not mechanical equivalents for the elements of the claims of the Grant patent. We are of the opinion that the Grant patent cannot be construed as covering a generic invention but only minor improvements and that the defendant's tool holder does not infringe.

The decree is affirmed with costs.